**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

No. 13-mj-1124-MEH

**IN THE MATTER OF THE EXTRADITION OF
RAUL ANTONIO PASILLAS,**
    *a.k.a. Raul Antonio Lopez Pasiyas,*
    *a.k.a. Raul Antonio Lopez Pasillas,*

---

**CERTIFICATE OF EXTRADITABILITY**

---

This matter came before the Court on December 19, 2013 for a determination, pursuant to the extradition treaty between the United States and the Government of Mexico, 31 U.S.T. 5059; TIAS 9656, of whether the evidence of criminality presented by Mexico is "sufficient to sustain the charge under the provisions of the proper treaty or convention." 18 U.S.C. § 3184. At the hearing the Defendant did not put on any evidence nor specifically contest either probable cause or identification.

I find, based on the following, that the evidence is sufficient and therefore certify the same to the United States Secretary of State.

**I.     Background**

**A.     Legal Authority for Proceeding**

It is the prerogative of the executive branch to conduct foreign affairs. *Martin v. Warden, Atlanta Penitentiary*, 993 F.2d 824, 828-829 (11th Cir. 1993). In an extradition proceeding, the Article III branch's role is limited. *Id*. The Court is to determine the sufficiency of the request to extradite under the applicable treaty provisions, *id*.; 18 U.S.C. §§ 3184, 3186, which is accomplished through an extradition hearing pursuant to 18 U.S.C. § 3184. If the Court decides that the elements necessary for extradition are present, it certifies the authority to extradite the fugitive, making

written factual findings and conclusions of law. *Shapiro v. Ferrandino*, 478 F.2d 894 (2d Cir. 1973). This certification is provided to the United States Department of State for disposition. The Secretary of State makes the ultimate decision as to whether to surrender the fugitive to the requesting country. *See Martin v. Warden, Atlanta Penitentiary*, 993 F.2d at 829 ("The Secretary exercises broad discretion and may properly consider myriad factors affecting both the individual defendant as well as foreign relations, which the extradition magistrate may not.").

**B.     Nature of Hearing**

Based on my review of the applicable case law authority, the hearing in this matter was to determine whether the equivalent of probable cause is established. *See, e.g., Peters v. Egnor*, 888 F.2d 713, 717 (10th Cir. 1989). The United States has provided authenticated documentary evidence relating to Mexico's allegations against Mr. Pasillas. At the hearing, the United States did not present additional evidence or argument, but rested on the record already submitted. Mr. Pasillas, while maintaining his right to claim innocence, did not offer any argument or evidence, except that his counsel wanted the record to reflect that Mr. Pasillas feared for his life if returned to Mexico.

**II.     Elements Concerning Extradition Determination**

    **1.     Authority of the Judicial Officer**

The statute, 18 U.S.C. §3184, authorizes a broad class of judicial officers to hear extradition cases. Federal judges are authorized by the statute to hear and decide extradition cases; the statute expressly provides that magistrate judges may do so. In the District of Colorado, Local Rule 57.1(B)(8) authorizes magistrate judges to "exercise powers and duties necessary for extraditing fugitives." D.C.COLO.LCrR 57.1(B)(8).

    **2.     Jurisdiction Over the Fugitive**

The Court has jurisdiction over a fugitive found within its jurisdictional boundaries. 18 U.S.C. § 3184 (court "may, upon complaint made under oath, charging any person found within [its] jurisdiction... issue [its] warrant for the apprehension of the person so charged"). *Pettit v. Walshe*, 194 U.S. 205, 219 (1904). Generally speaking, if the fugitive is before the Court, the Court has personal jurisdiction. *In re Pazienza*, 619 F. Supp. 611 (S.D.N.Y. 1985).

### 3.   Treaty in Full Force and Effect

The extradition statute, 18 U.S.C. §3184, limits extradition to instances in which a treaty is in force between the requesting state and the requested state. *See, e.g., Argento v. Horn*, 241 F.2d 258 (6th Cir. 1957). Here, the applicable extradition treaty between the United States and Mexico is located at TIAS 9656, 31 U.S.T. 5059, 1980 WL 309106. It was signed in Mexico City on May 4, 1978. The United States ratified the treaty on December 13, 1979. Mexico ratified the treaty on January 31, 1979. The ratifications were exchanged on January 25, 1980 and the treaty entered into force on that day and remains in force. In this case, the government has provided the Declaration of an Attorney Advisor for the Department of State attesting that the Treaty is in full force and effect. [*See* Declaration of Julie B. Martin, Government Exhibit 1, at ¶¶ 2-5]. This determination by Department of State is entitled to deference from this Court. *Terlinden, v. Ames*, 184 U.S. 270, 288 (1902); *Kasternova v. United States*, 365 F.3d 980, 985-987 (11th Cir. 2004); *United States ex rel Saroop v. Garcia*, 109 F.3d 165, 171 (3d Cir. 1997); *Then v. Melendez*, 92 F.3d 851, 854 (9th Cir. 1996).

### 4.   Crimes Extraditable Under the Treaty

The Treaty provides for the return of fugitives charged with, or found guilty of, committing a crime in the territory of the requesting country. TIAS 9656, Article 1. Under Article 2(1) of the

subject treaty, extradition shall take place for criminal acts "punishable under the laws of both Contracting Parties by deprivation of liberty to the maximum of which shall not be less than one year." *See* TIAS No. 9656, Art. 2, Para. 1. The documents submitted by Mexico establish that the fugitive has been charged with committing the crime of Attempted Aggravated Homicide, described and punishable by Article 19, Article 127 and Article 136(II)(a) of the State of Chihuahua, Mexico Penal Code. These are analogous to the federal United States statute 18 U.S.C. ¶ 1113, Attempt to Commit Murder. These offense in Mexico and in the United States are punishable by more than one year imprisonment. Attempted Aggravated Homicide is thus an extraditable offense under a dual-criminality analysis. This element has been met.

     **5.**     **Probable Cause**

This element is satisfied by sufficient evidence to establish probable cause that a crime was committed and that the person before the court committed that crime. The standard of proof in extradition proceedings is that of probable cause, as commonly used in federal law. *Sindona v. Grant*, 619 F.2d 167 (2nd Cir. 1980). The documentation provided by Mexico establishes probable cause for the charged offenses. The documents provided by the Government of Mexico were certified by the United States' principal diplomatic officers in Mexico. [Declaration of Julie B. Martin, Government Exhibit 1, at ¶ 6]. Mexico alleges that, on January 2, 2012, in the State of Chihuahua, Mexico, Pasillas got into a confrontation with a family, resulting in Pasillas attacking four of them with a machete, severely injuring them. Multiple statements from the victims (along with photo lineup identification) confirm the incident. A Mexican judge, Dina Luisa Prieto Pallan, issued an arrest warrant for Defendant on January 5, 2012. [Government Exhibit 2 at Exh.1]

Additionally, the fugitive's photograph has been provided by the Government of Mexico.

[See *id*. at Exh. 16].  At the hearing Defendant did not contest identification.  These are sufficient for the Court to make a proper finding of identity.  *See Glucksman v. Henkel*, 221 U.S. 508 (1911).

**III.     Conclusion**

Based on the foregoing findings, the Court concludes that RAUL ANTONIO PASILLAS, *a.k.a. Raul Antonio Pasiyas*, *a.k.a. Raul Antonio Lopez Pasillas*, is extraditable for the charged offenses of Attempted Aggravated Homicide, and thereby certifies this finding to the Secretary of State as required under Title 18, United States Code, Section 3184.

IT IS ORDERED that RAUL ANTONIO PASILLAS be committed to the custody of the United States Marshal for the District of Colorado pending final disposition of this matter by the Secretary of State and surrender to designated agents of the Government of Mexico.

Dated this 23rd day of December, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge